Filed 4/7/23 P. v. Mack CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095790 |
| v. | (Super. Ct. No. P18CRF0480) |
| DARIN ALLEN MACK, | |
| Defendant and Appellant. | |

Defendant Darin Allen Mack pleaded no contest to three felony sexual abuse charges in exchange for an aggregate term of 13 years in state prison. He then moved to withdraw from his plea agreement but the trial court denied his motion.

On appeal, defendant contends the trial court should have granted his motion to withdraw from the plea agreement based on Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, §§ 1.3, 2), which amended Penal Code section 1170.1, subdivision (d)(2);[1] in the alternative, defendant is entitled to resentencing based on those amendments; and his trial counsel was ineffective if those contentions are deemed forfeited.

---

[1] Undesignated statutory references are to the Penal Code.

1

Because defendant forfeited his contentions and he has not shown trial counsel deficiency, we will affirm the judgment and trial court orders.

## BACKGROUND

In December 2018, the People charged defendant with numerous felony sexual abuse offenses. In October 2021, defendant pleaded no contest to committing a lewd act upon a 14 or 15 year old (§ 288, subd. (c)(1)), forcible rape of a minor 14 years or older (§§ 261, subd. (a)(2), 264, subd. (c)(2)), and forcible oral copulation of a 14 or 15 year old (§ 287, subd. (c)(2)(C) [former §288a, subd. (c)(2)(C)]). He stipulated to an aggregate term of 13 years in state prison: the upper term of 10 years on the charge of forcible oral copulation (accomplished by duress), a consecutive lower term of three years on the charge of forcible rape (accomplished by duress), and a concurrent middle term of two years on the charge of committing a lewd act upon a minor.

On December 10, 2021, the date set for sentencing, defendant asked to withdraw from his plea agreement. The hearing was continued to allow defendant to file a formal motion, which he filed on January 6, 2022. In support of the motion, defendant argued he entered the plea agreement under duress.

At the hearing on defendant's motion, counsel for defendant argued defendant "was under duress when he entered the plea, . . . he didn't fully understand what was going on when he entered the plea, . . . he was disillusioned and hopeless when his *Faretta* motion was denied, and . . . he entered his plea because he felt like he was being ganged up on." Defendant also asserted that his trial counsel was not prepared on the date trial was set to begin. The trial court denied defendant's motion and sentenced him according to the terms of his plea agreement.

## DISCUSSION

Defendant contends the trial court should have granted his motion to withdraw from the plea agreement based on Senate Bill No. 567. But Senate Bill No. 567 took effect on January 1, 2022, before defendant filed his motion to withdraw from the plea

2

agreement, and he did not assert Senate Bill No. 567 or the amendments to section 1170.1, subdivision (d)(2) in the trial court. His contention is thus forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 351-352; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2022, S276237.)

Anticipating forfeiture, defendant claims his trial counsel was ineffective in failing to raise the argument. To establish a claim for ineffective assistance of counsel, "a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-692 [68 L.Ed.2d 674].)

The record here is silent as to counsel's reasons for not asserting Senate Bill No. 567 and its amendments to section 1170.1, subdivision (d)(2). Although defendant claims there was no reasonable tactical basis for the omission, we disagree. Section 1170.1, subdivision (d)(2) applies to enhancements that have a low, middle, and upper term.[2] Defendant's plea agreement did not include any enhancements. As a result, section 1170.1, subdivision (d)(2) does not apply and there would have been no reason for counsel to raise the issue in the trial court. Defendant has not established that counsel was deficient.

---

[2] Section 1170.1, subdivision (d) provides: "(1) When the court imposes a sentence for a felony pursuant to section 1170 . . . , the court shall also impose, in addition and consecutive to the offense of which the person has been convicted, the additional terms provided for any applicable enhancements. If an enhancement is punishable by one of three terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Defendant argues, in the alternative, that he is entitled to resentencing under the amendments to section 1170.1, subdivision (d)(2).[3] But as we have explained, defendant forfeited this contention because he did not assert it in the trial court, and his counsel was not deficient because section 1170.1, subdivision (d)(2) does not apply to his sentence.

DISPOSITION

The judgment and trial court orders are affirmed.

                                                   /S/
                                          MAURO, J.

We concur:

    /S/
ROBIE, Acting P. J.

    /S/
McADAM, J.*

---

[3] The Attorney General cites *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, for the proposition that defendant is not entitled to resentencing because he stipulated to his prison term. Defendant counters that *Mitchell* does not apply to him because it addressed section 1170, subdivision (b), whereas defendant's claim is based solely on section 1170.1, subdivision (d)(2).

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.